## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

FRANCIS G. LECKER, KENNETH     )
MILLER, JR., Individually, and on behalf  )
of the Estate of KENNETH MILLER SR.,  )
deceased, and the wrongful death  )
beneficiaries of KENNETH MILLER, SR.,  )
deceased, JOHN M. MULLEN,  )
BARBARA REZENTES as Personal  )
Representative of the Estate of FRANK  )    Case No. 3:09-cv-00991-DRH-CJP
CABRAL REZENTES, SR., deceased,  )
JULIA M. SHEPER, LAWRENCE C.  )    **NOTICE OF REMOVAL**
SCOTT, ALLEN K. SHIROMA, as  )
Personal Representative of the Estate of  )    JURY TRIAL DEMANDED
KATHLEEN JOANNE SHIROMA,  )
deceased, LEONA B. SINEGAR,  )
DOROTHY SNEED, MARY GLEN  )
SPENCER, WILLIAM E. STIDHAM,  )
JANICE STURGIS, MICHAEL  )
SUMMERFIELD, LAWRENCE TAYLOR  )
as Personal Representative of the Estate of  )
CAROL JACQUELINE TAYLOR,  )
deceased, MELVIN G. TINKEL,  )
LAWRENCE TOKOSCH, ROOSEVELT  )
WALKER, JR., and VERDA LYNN  )
WOODRELL,  )
 )
       Plaintiffs,  )
 )
   v.  )
 )
BAYER CORPORATION, BAYER  )
HEALTHCARE LLC, and BAYER  )
HEALTHCARE PHARMACEUTICALS  )
INC.,  )
 )
       Defendants.  )
_____ )

## NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that defendants Bayer Corporation, Bayer HealthCare LLC, and

Bayer HealthCare Pharmaceuticals Inc., through undersigned counsel, and with full reservation of

all defenses, hereby remove the complaint captioned as *Lecker et al.* v. *Bayer Corp.* *et al* from the Circuit Court of St. Clair County, Illinois, where it was pending as No. 09-L-498, to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  In support of this Notice of Removal, defendants state as follows:

  1. The above-captioned complaint is being removed, in conjunction with four functionally identical complaints brought by the same counsel in the same forum, pursuant to the "mass action" provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11); *id.* § 1453(b).[1]

  2. Defendants removed earlier iterations of several of these cases based on the fraudulent misjoinder of unrelated plaintiffs.  This Court rejected that argument and remanded the cases.  Plaintiffs then amended three of the complaints to add 111 additional plaintiffs, bringing the total number of plaintiffs involved in these actions to 100 plaintiffs in *Gilmore*, 5 in *Brown*, 45 in *Bancroft*, and 18 in *Lecker*.  The complaints are virtual carbon copies of one another—right down to their typographical errors.[2]  Each of the complaints alleges physical injuries arising from administration of the prescription pharmaceutical aprotinin (Trasylol)

---

[1] A copy of all the process, pleadings, and orders served upon the defendants in *Lecker* is attached hereto as Exhibit A.  The other cases being removed in conjunction with the instant complaint are: *Brown* v. *Bayer Corp.*, which bore state court number 09-L-439 in the Circuit Court of St. Clair County, Illinois, a copy of the currently operative complaint for which is attached as Exhibit B; *Bancroft* v. *Bayer Corp.*, state court number 09-L-497, a copy of the currently operative complaint for which is attached as Exhibit C; *Gilmore* v. *Bayer Corp.*, state court number 09-L-496, a copy of the currently operative complaint for which is attached as Exhibit D; and *Anderson* v. *Bayer Corp.*, state court number 09-L-594 a copy of the currently operative complaint for which is attached as Exhibit E.  *Anderson* differs from the others in that it does not bring wrongful death or survival claims since none of its plaintiffs administer estates; it is otherwise essentially identical to the other four complaints.  *See Anderson* Compl. ¶¶ 2-4, 49-165.

[2] *E.g.*, *Brown* Am. Compl. at page 40 (misspelling the title of the Illinois "Survival and Family Expenses [*sic*] Act"); *Gilmore* Am. Compl. at page 67 (same); *Bancroft* Am. Compl. at page 53 (same); *Lecker* Compl. at page 44 (same).

during surgery.  Each asserts the same fundamental causes of action.  And each has been filed in the same St. Clair County court, by the same attorneys.  The only substantial variation is the identity of the plaintiffs.

3.     In a similar manner, the same plaintiffs' counsel then filed yet another case just a few miles away in Missouri Circuit Court in the City of Saint Louis.  *See Argento* v. *Bayer Corp.*, No. 0922-CC09567 (filed Nov. 2, 2009).  That suit likewise seeks to evade federal mass action jurisdiction by joining 99 plaintiffs' claims, all of which arise from the alleged administration of Trasylol.  And finally, most recently, plaintiffs' counsel returned to St. Clair County, Illinois, and filed a fifth case (*Anderson*) misjoining three plaintiffs' claims in a complaint that is virtually identical to *Gilmore*, *Brown*, *Bancroft*, and *Lecker.* Plainly, plaintiffs contemplate a mass adjudication of the claims of 171 plaintiffs alleged in these cloned Illinois complaints.  As demonstrated below, these claims are subject to federal jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d)(11).

4.     Plaintiffs cannot avoid removal by arbitrarily carving one mass action into five pieces.  "CAFA was clearly designed to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction."  *Freeman* v. *Blue Ridge Paper Prods. Inc.*, 551 F.3d 405, 407 (6th Cir. 2008) (plaintiffs could not avoid removal by carving case into separate suits, covering discrete time periods, so they could argue that jurisdictional amount had not been met).  By filing massive, multi-plaintiff complaints, plaintiffs have taken the position that the claims of dozens of unrelated persons, arising under different states' laws, should be tried jointly.  As the Seventh Circuit has recognized, "nothing in [the mass action provisions of CAFA] says that the eve of trial is the *only* time when a 'mass action' can be detected."  *Bullard* v. *Burlington Northern Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (rejecting plaintiffs' strategic attempts to

avoid falling within the terms of CAFA and recognizing that separate matters may still constitute a "mass action").

5.    Defendants believe that the claims of plaintiffs alleging personal injury from taking a pharmaceutical medication should be litigated individually for the reasons detailed in Part IV, *infra*.  Yet here, plaintiffs clearly are contemplating mass litigation of their claims. Under CAFA, these cases belong in federal court.  Defendants respectfully request the opportunity to brief fully and to present oral argument in support of this removal.

**I.**    **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

6.    This notice of removal is timely.  On October 27, 2009, plaintiffs were granted leave by the St. Clair County judge to amend their pleadings to add for the first time the claims of more than 100 persons, thereby triggering this Court's jurisdiction under CAFA by creating a "mass action" of 168 plaintiffs.  *See infra* ¶ 9 (referencing state court records for the essentially identical complaints also being removed this day, which records include orders granting leave to add plaintiffs).  This number has further ballooned to 171 plaintiffs with the November 3, 2009 filing of *Anderson*, *see* Ex. E (*Anderson* Compl.).  Defendants are removing the suits within 30 days of receipt of the order granting plaintiffs' leave to amend as well as within 30 days of the service of *Anderson*, which was served on all defendants on November 9, 2009.  *See* 28 U.S.C. § 1446(b) (permitting removal within 30 days of service or receipt of any "other paper from which it may first be ascertained that the case is one which is or has become removable"); *Caterpillar Inc.* v. *Lewis*, 519 U.S. 61, 68-69 (1996) (30-day time period under removal statute begins to run from the date defendant "receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements"); *Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time period for removal runs from the date of formal service); *see also* 28 U.S.C. § 1453.

4

7.      The United States District Court for the Southern District of Illinois embraces St. Clair County, where the state court complaints were initially filed, and thus removal to this Court is proper.  *See* 28 U.S.C. §§ 93(c), 1441(a).

8.      Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on plaintiffs and filed with the Clerk of the Circuit Court of St. Clair County, Illinois.

9.      Copies of all the process, pleadings, and orders served upon the defendants in this action are attached hereto as Exhibit A and as Exhibit A to each of the additional notices of removal being filed this day for the *Brown*, *Bancroft*, *Gilmore*, and *Anderson* complaints.

10.     By this joint notice of removal, all defendants jointly effect and consent to the removal of this action to this Court.  *Cf.* 28 U.S.C. § 1453(b) (CAFA allowing removal "by any defendant without the consent of all defendants").

## II.    REMOVAL IS PROPER AND THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1453.

11.     This Court has subject matter jurisdiction under CAFA's mass action provision. A "mass action" is:

> [D]efined by the statute as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," and in which there is minimal diversity of citizenship (at least one plaintiff is not a citizen of the same state as at least one defendant) and at least one plaintiff seeks a recovery exceeding $75,000, exclusive of interests and costs.

*Brown* v. *Bayer Corp. et al.*, No. 09-760-GPM, 2009 WL 3152881, at *4 n.2 (S.D. Ill. Sept. 28, 2009) (quoting 28 U.S.C. § 1332(d)(11)(B)(i)).  As demonstrated below, these requirements are met here.

A.      **The Diversity Of Citizenship Requirement Is Satisfied.**

12.      Mass action removals require "minimal diversity" of citizenship, *i.e.*, that at least one plaintiff is not a citizen of the same state as at least one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A), (d)(11)(A); *Brown*, 2009 WL 3152881, at *4 n.2.  This requirement is easily met—and even exceeded—here because each of the 171 plaintiffs is diverse from at least one defendant.

13.      Because of the number of plaintiffs at issue (171), their citizenship is set forth in the final section of this notice of removal, at Part V, paragraphs 56 to 226.   To summarize, plaintiffs are citizens of 34 States:  Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Mississippi, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Washington, and Wisconsin.

14.      Defendants are citizens of Delaware, Indiana, Pennsylvania, and New Jersey. Specifically:  Bayer Corporation is, and was when this action was filed, an Indiana corporation with its principal place of business in Pennsylvania.  *See Brown* Am. Compl. ¶ 7; *Gilmore* Am. Compl. ¶ 101; *Bancroft* Am. Compl. ¶ 47; *Lecker* Compl. ¶ 20; *Anderson* Compl. ¶ 5. Accordingly, Bayer Corporation is a citizen of Indiana and Pennsylvania.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Brown*, 2009 WL 3152881, at *2 (Bayer "is a citizen of Indiana and Pennsylvania for diversity purposes").

15.      Bayer HealthCare LLC is, and was when this action was filed, a limited liability company whose sole member is (and was) Bayer Corporation.  Accordingly, Bayer HealthCare LLC, like Bayer Corporation, is a citizen of Indiana and Pennsylvania.  *Brown*, 2009 WL

3152881, at *2 (Bayer Healthcare LLC "is a citizen of Indiana and Pennsylvania for diversity purposes"); *see Thomas* v. *Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007) (holding that a limited liability company shares the citizenship of all of its members); *Cosgrove* v. *Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (same).

16.     Bayer HealthCare Pharmaceuticals Inc. is, and was when this action was filed, a Delaware corporation with its principal place of business in New Jersey. *See Brown* Am. Compl. ¶ 9; *Gilmore* Am. Compl. ¶ 103; *Bancroft* Am. Compl. ¶ 49; *Lecker* Compl. ¶ 22; *Anderson* Compl. ¶ 7. Accordingly, Bayer HealthCare Pharmaceuticals Inc. is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1); *see also Brown*, 2009 WL 3152881, at *2 (Bayer Healthcare Pharmaceuticals Inc. is a "corporate citizen of Delaware and New Jersey for diversity purposes.").

17.     Accordingly, at least one plaintiff is diverse from one defendant and the minimal diversity requirement is therefore met.[3]

**B.      The Amount-In-Controversy Requirement Is Satisfied.**

18.     It is apparent from the face of the pleadings that the amount-in-controversy requirement is satisfied here, whether calculated under the traditional $75,000 threshold for individual plaintiffs or CAFA's aggregated $5 million threshold. *See* 28 U.S.C. § 1332(a), (d)(6), (d)(11)(A), (d)(11)(B)(i); *Brown*, 2009 WL 3152881, at *4 n.2 (mass actions include "at least one plaintiff seek[ing] a recovery exceeding $75,000, exclusive of interest and costs").

**1.      The $75,000 Amount-In-Controversy Requirement Is Met For Each Plaintiff.**

19.     Given the severity of the injuries described in each plaintiff's identical allegations, each plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs

---

[3]  In addition, at least one plaintiff is diverse from at least one defendant in each complaint.

and interest.  Indeed, at the time of the initial removal, based on the same claims of injury, this

Court concluded as much:

> [I]t appears from the nature of the injuries alleged that *the claims of*
> *[plaintiffs] each exceed the jurisdictional amount of $75,000*, exclusive of
> interest and costs, given that [plaintiffs] both plead for damages in excess
> of $50,000 and allege that they have suffered permanent injuries as a
> result of which they have incorrect and will continue to incur medical
> expenses in connection with their use of Trasylol.

*Brown*, 2009 WL 3152881, at *2 (emphasis added).  This conclusion remains the same, as we

demonstrate again below.

    20.    Each plaintiff alleges that administration of Trasylol resulted in "permanent and

devastating injuries, including but not limited to, permanent renal damage, renal insufficiency

and/or multi-system organ failure."  *Brown* Am. Compl. ¶ 48; *Gilmore* Am. Compl. ¶ 142;

*Bancroft* Am. Compl. ¶ 88; *Lecker* Compl. ¶ 61; *Anderson* Compl. ¶ 46.  These injuries allegedly

"have caused and will continue in the future to cause Plaintiffs extensive anxiety, distress, fear,

pain, suffering, and depression," and have "substantially reduced the Plaintiffs' ability to enjoy

life."  *Id.*  Due to those injuries, plaintiffs assert that they each have "sustained and will sustain a

loss of earnings and diminution of earning capacity in the future," *Brown* Am. Compl. ¶ 49;

*Gilmore* Am. Compl. ¶ 143; *Bancroft* Am. Compl. ¶ 89; *Lecker* Compl. ¶ 62; *Anderson* Compl.

¶ 47, have required "health care, attention and services," and have incurred and will continue to

incur "medical, incidental, and service expenses," *Brown* Am. Compl. ¶ 50; *Gilmore* Am.

Compl. ¶ 144; *Bancroft* Am. Compl. ¶ 90; *Lecker* Compl. ¶ 63; *Anderson* Compl. ¶ 48.  The

complaints further allege that defendants' purportedly "outrageous and intolerable" conduct,

*Brown* Am. Compl. ¶¶ 94, 100, 106; *Gilmore* Am. Compl. ¶¶ 188, 194, 200; *Bancroft* Am.

Compl. ¶¶ 134, 140, 146; *Lecker* Compl. ¶¶ 107, 113, 119; *Anderson* Compl. ¶¶ 92, 98, 104, has

caused the plaintiffs to "suffer[] severe emotional distress," "depression, fear of death, and

nervousness," *Brown* Am. Compl. ¶¶ 95, 101, 107; *Gilmore* Am. Compl. ¶¶ 189, 195, 201; *Bancroft* Am. Compl. ¶¶ 135, 141, 147; *Lecker* Compl. ¶¶ 108, 114, 120; *Anderson* Compl. ¶¶ 93, 99, 105.[4]

21.     Each plaintiff seeks unlimited compensatory damages "in a sum in excess of $50,000.00," with respect to 24 substantive counts.  *See Brown* Am. Compl. at pages 12-41 ("Wherefore" clauses); *Gilmore* Am. Compl. at pages 40-69 (same); *Bancroft* Am. Compl. at pages 26-55 (same); *Lecker* Compl. at pages 17-46 (same); *Anderson* Compl. at pages 11-39 (same).[5]  Each plaintiff also seeks unlimited costs, attorney's fees, and any other available relief. *Id.*

22.     Given the serious nature of these alleged personal injuries and that plaintiffs expressly seek unlimited compensatory damages for their injuries, defendants have shown that more than $75,000 is in controversy and it is facially apparent from the complaints that the amount in controversy exceeds the jurisdictional minimum.  *See*, *e.g.*, *Meridian Sec. Ins. Co.* v. *Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) ("proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold") (citations omitted); *see also id.* at 541 ("Whether damages will exceed $75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether to a legal certainty . . .

---

[4]  That the plaintiffs have not explicitly requested punitive damages at this time should not affect this Court's analysis of the scale of damages they are seeking.  Such a request is not allowed by the Illinois pleading rules.  *See* 735 ILCS 5/2-604.1 ("In all actions on account of bodily injury or physical damage to property, based on negligence, or product liability based on any theory or doctrine, where punitive damages are permitted *no complaint shall be filed containing a prayer for relief seeking punitive damages*.") (emphasis added); *Penn* v. *Gerig*, 778 N.E.2d 325, 334-35 (Ill. App. Ct. 2002).

[5]  Plaintiffs' demand for "in excess of" the Illinois courts' $50,000 jurisdictional limit does not limit plaintiff's damages to $50,000.  Under both Illinois and federal law, the prayer for relief on a complaint does not limit the relief available.  *BEM I, L.L.C.* v. *Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002); *see* 735 ILCS 5/2-604.

the claim is really for less than the jurisdictional amount.") (internal quotation omitted); *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (observing, where plaintiff alleged permanent lung damage in a personal injury suit, that "[i]t is difficult to see how, if he succeeded in proving his claim . . . he would be entitled to less than . . . [the] jurisdictional minimum"). Here, as noted, plaintiffs each seek recovery for alleged serious injuries and in no way limit the amount in controversy to less than $75,000.

23.     In numerous personal injury and product liability actions with alleged injuries similar to or less severe than those alleged here, the Seventh Circuit and courts in this district circuit have found the jurisdictional minimum requirement met. For example, in *Andrews* v. *E.I. Du Pont De Nemours & Co.*, 447 F.3d 510 (7th Cir. 2006), the Seventh Circuit concluded that the jurisdictional minimum requirement was satisfied where the complaint alleged "severe and permanent" injuries to plaintiff's head, ribs, and back and sought damages "in excess of $50,000" for lost earning potential, pain, and past and future medical expenses. *See id.* at 514-15.[6]

24.     Where liability is established, product liability claims in Illinois state courts likewise typically result in substantially more than $75,000 verdicts, particularly where, as here, plaintiffs have alleged serious, permanent injuries. *See*, *e.g.*, *Blue* v. *Envtl. Eng'g, Inc.*, 828 N.E.2d 1128, 1135 (Ill. 2005); *Hansen* v. *Baxter Healthcare Corp.*, 198 Ill. 2d 420, 439 (Ill.

---

[6] *See also*, *e.g.*, *Sargent* v. *Cassens Corp.*, No. 06-1042, 2007 WL 1673289, at *9-11 (S.D. Ill. June 7, 2007); *Hill* v. *Olin Corp.*, No. 07-0054, 2007 WL 1431865, at *3 (S.D. Ill. May 14, 2007); *Sandage* v. *Cottrell, Inc.*, No. 05-0720, 2006 WL 2710647, at *3 (S.D. Ill. Sept. 20, 2006); *Fields* v. *Jay Henges Enters., Inc.*, No. 06-323, 2006 WL 1875457, at *4-5 (S.D. Ill. June 30, 2006); *see generally McCoy* v. *Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount") (collecting cases).

2002); *Proctor* v. *Upjohn Co.,* 291 Ill. App. 3d 265, 268, 287 (Ill. Ct. App. 1997); *Kochan* v. *Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 787 (5th Dist. 1993); *Craver* v. *Vermeer Mfg. Co.*, 2008 WL 2098071 (Livingston County, Apr. 2008); *Roche* v. *Am. Crane Corp.*, 1995 WL 17008065 (St. Clair County, Sept. 1995).

25.     Given the serious nature of the alleged personal injuries, and the unlimited compensatory damages that plaintiffs expressly seek as a result, defendants have shown that more than $75,000 is in controversy as to each plaintiff, and it is facially apparent from the complaints that the amount in controversy exceeds the jurisdictional minimum as to each plaintiff. *See*, *e.g.*, *Meridian*, 441 F.3d at 541-42; *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d at 671.

### 2.     CAFA's $5 Million Aggregate Amount-In-Controversy Requirement Is Satisfied.

26.     CAFA provides for district court jurisdiction over a mass action where "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2); *see id.* § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *id.* § 1332(d)(11)(A) (applying § 1332(d)(2) to mass actions). The aggregate amount of monetary relief sought by all of the plaintiffs is well in excess of $5 million. As shown above, each plaintiff has placed more than $75,000 in controversy, meaning that the 171 plaintiffs seek more than $12.8 million in the aggregate—well over the $5 million statutory measure. Thus, CAFA's $5 million threshold is plainly met.

**C.      The Commonality And Numerosity Requirement Is Satisfied.**

27.      The mass action provision provides for federal jurisdiction where the "monetary relief claims of 100 or more persons are proposed to be tried jointly on the grounds that the plaintiffs' claims involve common questions of law or fact."  28 U.S.C. § 1332(d)(11)(B)(i).

28.      Although each plaintiff's claims will center on individual issues of medical causation and the like, plaintiffs' identical allegations plainly meet the bare standard of "involv[ing] common questions of law or fact" given that they each relate to the pharmaceutical Trasylol.  Indeed, as shown above, the Judicial Panel on Multidistrict Litigation has created a multi-district litigation proceeding for product liability and consumer fraud claims such as these regarding Trasylol in recognition that they "involv[e] one or more common questions of fact."  28 U.S.C. § 1407 (standard for creating an MDL).

29.      This matter involves 171 plaintiffs' claims, well in excess of the statutory requirement of "100 or more persons."  28 U.S.C. § 1332(d)(11)(B)(i).

**D.      Plaintiffs Cannot Avoid Mass Action Jurisdiction By Arbitrarily Dividing Their Claims Between Different Complaints.**

30.      Plaintiffs' counsel cannot avoid the conclusion that this case is removable as a mass action by dividing 171 plaintiffs between five complaints in an improper attempt to try to circumvent CAFA's numerosity requirement.  There is no justifiable basis for why these plaintiffs have been divided between separate complaints.  In addition, prior to removal, all of the claims were pending in the same Illinois state court before the same judge, with motions being decided at the same hearing.[7]

---

[7]  Consistent with prior practice, it appears that *Anderson* also would be assigned to the same St. Clair County judge.

31.     The United States Supreme Court has long held that "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court." *Wecker* v. *Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907).  This follows because "[t]he removal process was created by Congress to protect defendants.  Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Legg* v. *Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (quoting *McKinney* v. *Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992)).

32.     In keeping with these principles, the Seventh Circuit has adopted an expansive view of federal jurisdiction in addressing CAFA and the mass action provision.  *See*, *e.g.*, *Bullard*, 535 F.3d at 762; *Marshall* v. *H&R Block Tax Services, Inc.*, 564 F.3d 826, 828 (7th Cir. 2009).  In *Bullard*, Chief Judge Easterbrook, writing for a unanimous court, rejected as improper plaintiffs' strategic attempts to avoid falling within the terms of CAFA.  535 F.3d at 761-62.  In so doing, the court observed that a plaintiffs' proposal to jointly try multiple suits collectively involving 100 or more persons would invoke CAFA jurisdiction and did not focus artificially on whether 100-or-more plaintiffs were part of a single complaint as filed, but with whether the claims of the more than 100 plaintiffs were being addressed in a common manner by the state court.  *See id.*

33.     The Seventh Circuit and other courts repeatedly have confirmed that CAFA removability is evaluated not based on the *form* of a complaint, but rather on the underlying *substance* of the matter at hand.  *See*, *e.g.*, *Marshall*, 564 F.3d at 828 (reversing ruling that "place[d] too much weight on form" of complaint); *Bullard*, 535 F.3d at 761 (affirming CAFA mass action jurisdiction and rejecting attempts to find a "loophole" in CAFA that would permit

"[p]laintiffs' lawyers, who want to avoid federal court, [to] . . . design[] a class-action

substitute"); *Louisiana ex rel. Caldwell* v. *Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008)

(holding that, with mass actions, "federal courts look to the substance of the action" rather than

what appears on the face of complaints and "may pierce the pleadings").

34.     Likewise, the Sixth Circuit and other courts have held that CAFA jurisdiction is

not defeated by plaintiffs artificially dividing their claims among several separately-filed suits for

the sole purpose of "gaming" CAFA.  *See Freeman* v. *Blue Ridge Paper Prods., Inc.*, 551 F.3d

405, 406 (6th Cir. 2008) (holding that removal is proper where plaintiffs' purpose in dividing

claims is to avoid CAFA); *Proffitt* v. *Abbott Labs.*, No. 2:08-CV-151, 2008 WL 4401367, at *2,

5 (E.D. Tenn. Sept. 23, 2008) (same, where plaintiffs' contrived structuring of eleven separate

complaints was "completely arbitrary" and "ha[d] no justifiable basis" other than to deliberately

circumvent CAFA); *see also Brook* v. *UnitedHealth Group, Inc*., No. 06-cv-12954, 2007 WL

2827808, *4 (S.D.N.Y. Sept. 27, 2007) ("Plaintiffs cannot simply evade federal jurisdiction by

defining the putative class on a state-by-state basis, and then proceed to file virtually identical

class action complaints in various state courts.  Such conduct is precisely what the CAFA

legislation was intended to eradicate.").

35.     *Freeman* is instructive.  In that case the plaintiffs arbitrarily split their suit into

five separate actions, each seeking less than $4.9 million, in a contrived effort to avoid CAFA's

aggregate amount in controversy requirement of $5 million.  *Id.*, 551 F.3d at 406.  The Sixth

Circuit held that there was "no colorable basis" for plaintiffs' splintering the suits "other than to

avoid the clear purpose of CAFA," and that to allow such "pure structuring" would mean that the

"obvious purpose in passing the statute—to allow defendants to defend large interstate class

actions in federal court—can be avoided almost at will."  *Id*. at 406-07.  The court accordingly

reversed orders remanding the actions, holding that CAFA was "clearly designed to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction." *Id*. at 407.

36.      Similarly, in *Proffitt* v. *Abbott Laboratories*, the district court found that plaintiffs' dividing of eleven otherwise-identical complaints was "completely arbitrary" and had "no justifiable basis," but instead was designed deliberately to avoid CAFA. 2008 WL 4401367, at *2. The court refused to remand the cases and cautioned that when interpreting CAFA "courts need to bear in mind and make decisions that are consistent with the Congressional intent and purpose of the CAFA," *id.* at *5.

37.      These decisions are in keeping with congressional design. CAFA's mass action provision was enacted to prevent the approach employed by plaintiffs' counsel here. One of Congress's chief purposes in enacting CAFA was to "restore the intent of the framers" by extending federal court jurisdiction over "interstate cases of national importance under diversity jurisdiction." CAFA, Pub. L. No. 109-2, § 2, 119 Stat 4, 4-5 (2005). Through CAFA, Congress expanded federal diversity jurisdiction to "'address inequitable state court treatment'" and eliminate "'abusive practices'" involving class action and mass action devices, including the abuse at issue here: the tandem filing of copycat actions with the same claims in the same state court to try to evade federal court jurisdiction. *Proffitt*, 2008 WL 4401367, at *1-2 (citation omitted).

38.      CAFA's legislative history confirms Congress's intent to correct abusive practices by plaintiffs' counsel. Explaining CAFA's purposes, the Senate Report stated that CAFA was designed to overturn prior law that allowed "'lawyers to game' the procedural rules and keep nationwide or multi-state class actions in state courts," including by filing "copycat" suits. S. Rep. No. 109-14, at 4, 24 (2005), *reprinted in* 2005 U.S.C.C.A.N. 6; *see id.* at 5 (noting that

CAFA was intended to make it "harder for plaintiffs' counsel to 'game the system'" by defeating diversity jurisdiction).  The Senate Report expressly recognized that "[m]ass actions are simply class actions in disguise" and "function very much like class actions and are subject to many of the same abuses"—but may even be "worse because the lawyers seek to join claims that have little to do with each other and confuse a jury into awarding millions of dollars to individuals who have suffered no real injury." *Id.* at 44-45.  Accordingly, CAFA should be construed to effectuate its plain purpose of enhancing federal jurisdiction over mass actions and ending plaintiffs' ability to use artful devices to elude such jurisdiction.  *See Hart* v. *FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006) (relying upon this legislative history in construing CAFA "'broadly'" to enhance federal jurisdiction).

39.    Here as well, plaintiffs' counsel's attempt to "game the system" to evade CAFA jurisdiction should be rejected.  There is no question that if plaintiffs brought all 171 plaintiffs' claims in a single complaint, it would be a removable mass action.  The artifice of splintering those same plaintiffs' claims between different complaints for no reason other than to evade CAFA's numerosity provision does nothing to change this conclusion.  In sum, this Court has mass action jurisdiction.

**E.    All Other Aspects Of CAFA Removal Are Satisfied.**

40.    Because Defendants have demonstrated that this Court has jurisdiction under CAFA, plaintiffs bear the burden of proving any exception to jurisdiction.  *See Hart*, 457 F.3d at 680-81; *Kurth* v. *Arcelormittal USA, Inc.*, 2009 U.S. Dist. LEXIS 99126, *11-12 (N.D. Ind. Oct. 14, 2009); *Roche* v. *Country Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 48921, *26-27 (S.D. Ill. July 6, 2007) (Murphy, J.); *Gerstenecker* v. *Terminix Int'l*, 2007 U.S. Dist. LEXIS 69272, *4 (S.D. Ill. Sept. 19, 2007) (Reagan, J.); *see also*, *e.g.*, *Serrano* v. *180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007); *Frazier* v. *Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006);

*Evans* v. *Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006); 15-102 Moore's Federal Practice – Civil § 102.21(b).

41.      Nonetheless, no exception set forth in 28 U.S.C. § 1332(d)(11)(B)(ii) applies. *First*, plaintiffs are citizens of states from coast to coast, *see infra* Part V, and they nowhere contend that all their alleged injuries occurred in Illinois or adjacent states.  On the contrary, this nationwide mass action involves surgeries, and alleged injuries, from across the country.  *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(I).

42.      *Second*, plaintiffs—not defendants—moved to join these claims by filing five virtually identical complaints in one court, asserting claims on behalf of unrelated persons, and then amending those complaints to exceed the 100-plaintiff requirement for a CAFA mass action.  (Indeed, of the 171 plaintiffs whose claims are hereby being removed, only 24 allegedly have any contacts with this state.)  Defendants have not moved to join these claims.[8]  To the contrary, Defendants believe that each of the claims should be tried individually.  Defendants

---

[8]  The Ninth Circuit has adopted the extraordinary view that, in removing on CAFA mass action grounds, defendants effectively seek joinder of claims.  *See Tanoh* v. *Dow Chem. Co.*, 561 F.3d 945, 956 (9th Cir. 2009), *cert. denied* (U.S. Oct. 5, 2009, No. 08-1589).  Although this decision is not binding, it also is deeply flawed and has no persuasive value because it conflicts with the fundamental purpose of CAFA, which is to allow removals notwithstanding plaintiffs' efforts, through artful pleading, to avoid federal adjudication of class and mass actions.  *See, e.g.*, CAFA § 2(a)(4), Pub. L. No. 109-2 (congressional finding that such abuses undermine "the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution"); *see also* S. Rep. No. 109-14, at 4 (2005) (CAFA's purpose is to "mak[e] it harder for plaintiffs' counsel to 'game the system' by trying to defeat diversity jurisdiction").  As shown above, consistent with this statutory purpose, courts have upheld CAFA removals in which defendants have argued that plaintiffs had arbitrarily carved up a single mass action into multiple components.  *See, e.g.*, *Freeman*, 551 F.3d at 406-07; *Proffitt*, 2008 WL 4401367, *5; *Brook*, 2007 WL 2827808, *4.  And as the Seventh Circuit has recognized, the key inquiry is whether a defendant has contrived to manufacture diversity, such as by joining claims in a way that increases total exposure.  *Marshall*, 564 F.3d at 829.  Here it is plainly plaintiffs who have "gam[ed] the system" in contravention of CAFA.  Moreover, even *Tanoh* recognized that plaintiffs not named in the same complaint should be deemed parties to a

have removed these cases because plaintiffs' actions demonstrate that they seek mass adjudication of one or more of the issues raised in their complaints.

43.     *Third*, the claims in this civil action are not alleged on behalf of the general public "pursuant to a State statute specifically authorizing such action."  *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(III).

44.     *Fourth,* these cases have not been coordinated simply for pretrial proceedings, such as in an intra-state version of multi-district litigation.  *See*, *e.g.*, Ill. S. Ct. R. 384.  Rather, plaintiffs have filed identical multi-plaintiff complaints, reflecting plaintiffs' intent to seek mass adjudication of claims based on the common fact that these unrelated plaintiffs used Trasylol. *See Bullard*, 535 F.3d at 762 (complaints raising common questions of law or fact are removable as mass actions because such commonality is properly construed as proposing a single trial for CAFA purposes); *see also* 28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

45.     Finally, jurisdiction is mandatory, not discretionary, under CAFA because, in the aggregate, one-third or fewer of the plaintiffs to this action are citizens of Illinois.  *See* 28 U.S.C. § 1332(d)(2); *cf.* 28 U.S.C. § 1332(d)(3) and (4).  Indeed, well more than two-thirds of the plaintiffs to the action, and all of the defendants, are citizens of states other than Illinois*. See supra* ¶¶ 14-16; *infra* ¶¶ 56-226.  Moreover, removal is not otherwise barred under CAFA because, "during the 3-year period preceding the filing," at least one other class action was filed "asserting the same or similar factual allegations" against defendants "on behalf of the same or other persons."  28 U.S.C. § 1332(d)(4); *see also* 28 U.S.C. § 1332(d)(3).  *See*, *e.g.*, *SE Laborers Health & Welfare Fund* v. *Bayer Corp.*, Case No. 08-508 (M.D. Tenn. May 16, 2008) (Exhibit F); *Saine* v. *Bayer Corp.*, Case No. 08-180 (E.D.N.C. Apr. 11, 2008) (Exhibit G).

---

mass action in certain circumstances.  *See id.* 561 F.3d at 956 (endorsing *Bullard*, 535 F.3d at

**III.**  **AT A MINIMUM, THIS COURT SHOULD RETAIN MASS ACTION JURISDICTION OVER *GILMORE* WHICH INDEPENDENTLY HAS 100 PLAINTIFFS AND OTHERWISE MEETS THE REQUIREMENTS OF CAFA.**

46.     Even if the Court does not agree that the five underlying cases may properly be removed in tandem, at a minimum, this Court independently has CAFA jurisdiction over *Gilmore* v. *Bayer Corp.*, No. 09-L-496 (Cir. Ct. Ill.) filed Sept. 22, 2009; amended Oct. 27, 2009.

47.     As shown above, removal under CAFA is proper where four requirements are met:  (1) common questions of law or fact proposed to be tried jointly involving (2) 100 or more plaintiffs (3) who are minimally diverse from the defendants and (4) where the value of at least one plaintiff's claim is at least $75,000, and the aggregated value of the suit is $5,000,000.  *See* ¶ 18, *supra*.

48.     All four requirements are plainly satisfied in *Gilmore* alone for the reasons explained above.  The commonality and numerosity requirements are met for the reasons detailed above, and the *Gilmore* Amended Complaint alone names exactly 100 persons as plaintiffs.  *See Gilmore* Am. Compl. ¶¶ 2-100.  The amount-in-controversy individual and aggregate requirements are satisfied.  *See supra* ¶¶ 19-26.  And, as shown above, there is minimal diversity.  *See*, *e.g.*, *Gilmore* Am. Compl. ¶ 2 (noting Washington State citizenship of named plaintiff Gilmore); *see also supra* ¶¶ 14-16 (no defendant is a citizen of Washington State).  Accordingly, even if the Court does not agree that all 171 plaintiffs' claims may be removed under CAFA, at a minimum, the Court should at retain jurisdiction over *Gilmore.*

761-62).

**IV.    IN THE ALTERNATIVE, THIS COURT HAS SUBJECT MATTER JURISDICTION, AND REMOVAL IS PROPER, BECAUSE NON-DIVERSE PLAINTIFFS HAVE BEEN EGREGIOUSLY AND FRAUDULENTLY MISJOINED.**

49.    As noted at the outset, defendants recognize that the Court previously rejected fraudulent misjoinder in the context of the more modest joinder at issue at the time of the initial removal.  Since remand, plaintiffs have egregiously and improperly misjoined the claims of more than 100 additional plaintiffs.  In light of these changed circumstances, and for error preservation purposes, defendants reassert their contention that plaintiffs' claims are improperly misjoined. *See generally In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) ("misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction"); *Tapscott* v. *MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (applying misjoinder where the joinder was "egregious").  Specifically, the claims of 12 plaintiffs,[9] who are citizens of Indiana, Pennsylvania, or New Jersey (the states of which defendants also are citizens) have been improperly joined with those of 159 other plaintiffs, who are completely diverse from all defendants.

50.    Defendants also respectfully suggest that the Court may wish to reconsider the view that "it is not aware of any principle of Illinois law that prevents [an out-of-state plaintiff] from suing on her claim in an Illinois state court or from joining her claim with that of an Illinois citizen in such a court."  *Brown*, 2009 WL 3152881, at *3.  Illinois courts have indeed found misjoinder in the unique context of pharmaceutical torts like those alleged here.

---

[9]  These non-diverse plaintiffs are Jean N. Snyder (allegedly a Pennsylvania citizen) (*see infra* ¶ 159), Kimberly Keaton (New Jersey) (*see infra* ¶ 93), Fannie Parker (Pennsylvania) (*see infra* ¶ 123), Rachel L. Rogers (Pennsylvania) (*see infra* ¶ 137), Mary Stover (New Jersey) (*see infra* ¶ 148), Cecilia Waldor (Pennsylvania) (*see infra* ¶ 152), Rita Bailey (Indiana) (*see infra* ¶ 164), Constance DeAngelo (New Jersey) (*see infra* ¶ 190), Sheila D. Morton (Pennsylvania) (*see infra* ¶ 201), Francis G. Lecker (Pennsylvania) (*see infra* ¶ 206), Janice Sturgis (New Jersey) (*see infra* ¶ 217); and Joseph Miller (Pennsylvania) (*see infra* ¶ 226).

51.     In fact, Illinois courts repeatedly have severed plaintiffs' claims as misjoined where they merely assert personal injury involving the same prescription drug. *See, e.g., Wiese, et al.* v. *Pfizer Inc.*, No. 07-L-324, slip op. at *1 (Ill. Cir. Ct., Madison County July 8, 2008) ("Individual questions regarding causation and damages and even individual questions regarding breach of duty do not favor joinder or a consolidated trial.") (Exhibit H); *Morgan, et al.* v. *Merck & Co.*, 05-L-357, slip op. at *15-17 (Ill. Cir. Ct., Madison County Nov. 14, 2006) (severing claims because, as here, each plaintiff "has different risk factors relating to ingestion of [the prescription drug at issue], has a different doctor with different knowledge concerning [the drug], has a different pharmacist, has a different work history, suffered their injuries at different times, and has different damages resulting from their ingestion of [the drug]") (Exhibit I); *see generally Bullard*, 535 F.3d at 762 ("Illinois, where this complaint was filed, allows the joinder of multiple plaintiffs in a single suit only where the claims arise out of 'the same transaction or series of transactions'") (citing 735 ILCS § 5/2-404).

52.     Here, misjoinder principles govern because plaintiffs' claims do not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a); 735 ILCS § 5/2-404; *see, e.g., Crockett* v. *R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (upholding removal and concluding that a party "can be improperly joined without being fraudulently joined.  Under federal law, defendants are properly joined if . . . 'there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences' . . . .  If these requirements are not met, *joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants*") (emphasis added) (quoting Fed. R. Civ. P. 20(a)); *In re Diet Drugs*, MDL No. 1203, 1999 WL 554584, at *3-4 (E.D. Pa. Jul. 16, 1999)

(finding misjoinder where, as here, plaintiffs attempted to join persons from different states who had no connection with one another except that each took the same prescription drug).

53.     As also recognized in the Illinois state court cases cited above, concerns about improper joinder are magnified in pharmaceutical cases like this because each plaintiff's claims raise "complicated issues of causation and exposure" such as the nature of the "exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors that must be considered at trial with respect to each individual plaintiff." *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144-48 (S.D.N.Y. 2001) (finding misjoinder in similar circumstances to those presented here); *cf. Schwartz* v. *Graebel Van Lines, Inc.*, No. 05-4682, 2006 WL 1343533, at *2, *8 (N.D. Ill. May 15, 2006) (discussing fraudulent joinder and noting that "misjoinder" also would not destroy diversity jurisdiction).

54.     In similar cases, federal courts nationwide have widely recognized that such misjoinder in the context of personal injury claims involving prescription medications does not destroy the Court's jurisdiction over the remaining plaintiff's claims. *See*, *e.g.*, *In re Prempro Prods. Liab. Litig.*, 417 F. Supp. 2d 1058, 1060-61 (E.D. Ark. 2006) (denying remand because non-diverse plaintiffs were fraudulently misjoined to prevent federal diversity jurisdiction over remaining plaintiffs' claims); *In re Prempro Prods. Liab. Litig.*, MDL No. 1507 (E.D. Ark. Mar. 1, 2006) (same) (Exhibit J); *Dickerson* v. *Bayer Corp. (In re Baycol Prods. Litig.)*, MDL No. 1431, slip op. at 3-4 (D. Minn. Sept. 4, 2003) (denying remand because misjoined plaintiffs did not destroy diversity jurisdiction) (Exhibit K); *Blakeney* v. *Bayer AG (In re Baycol Prods. Litig.)*, MDL No. 1431, 2003 WL 22341303, at *3 (D. Minn. Aug. 29, 2003) (same); *Weaver* v. *Am. Home Prods. Corp. (In re Diet Drugs)*, 294 F. Supp. 2d 667, 673 (E.D. Pa. 2003) ("Even if a non-diverse plaintiff may have a valid cause of action against a defendant, that plaintiff may not

prevent removal based on diversity of citizenship if there is no reasonable basis for the joinder of that non-diverse plaintiff with the other plaintiffs."). The non-diverse plaintiffs therefore have been fraudulently misjoined. *See*, *e.g.*, *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2002 WL 548750, at *2 (S.D.N.Y. Apr. 12, 2002) ("the joinder of plaintiffs who have no connection to each other aside from the fact that they ingested Rezulin is misjoinder"); *Bay Tobacco, LLC* v. *Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 490 (E.D. Va. 2003) (addressing misjoinder).

55.     Accordingly, at a minimum, in the alternative, the fraudulently misjoined non-diverse plaintiffs should be severed and dismissed from this action and this Court should retain jurisdiction over the remaining plaintiffs' claims. *See*, *e.g.*, Fed. R. Civ. P. 21; *Boschert* v. *Pfizer, Inc.*, No. 4:08-CV-1714 CAS, 2009 WL 1383183, at *3-5 (E.D. Mo. May 14, 2009) (severing misjoined plaintiffs' claims and dismissing without prejudice all non-local plaintiffs); *Greene* v. *Wyeth*, 344 F. Supp. 2d 674, 683-85 (D. Nev. 2004) (denying remand, severing the improperly joined parties, and retaining jurisdiction over plaintiffs whose claims were against diverse defendants); *Blakeney*, 2003 WL 22341303, at *3 (severing claims of misjoined plaintiff, who attempted to assert claims against non-diverse defendant, to preserve diversity); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 143-48 (S.D.N.Y. 2001) (finding misjoinder and severing claim of plaintiff who purported to state claims against non-diverse defendant in prescription drug action); *accord In re Rezulin Prods. Liab. Litig.*, 2002 WL 548750, at *2; *see also In re Seroquel Prods. Liab. Litig.*, MDL Docket No. 1769, 2007 WL 219989, at *1 (M.D. Fla. Jan. 26, 2007) (severing plaintiffs joined together (except those asserting loss of consortium) in prescription drug cases); *cf. In re Lawndale Steel Co.*, No. 90 B 3508, 1991 WL 242977, at *9 (Bankr. N.D. Ill. May 2, 1991) (addressing misjoinder).

## V.  PLAINTIFFS' CITIZENSHIP.

56.   Plaintiff Thomas L. Gilmore is, and at the time of the filing of this action was, a citizen of the State of Washington.  *See Gilmore* Am. Compl. ¶ 2.

57.   Plaintiff Carol Buffo is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 3.

58.   Plaintiff Daniel Duran is, and at the time of the filing of this action was, a citizen of Arizona.  *See id.* ¶ 4.

59.   Plaintiff Patricia Dutt is, and at the time of the filing of this action was, a citizen of Michigan.  *See id.* ¶ 5.

60.   Plaintiff Bernadine Earnest is, and at the time of the filing of this action was, a citizen of Missouri.  *See id.* ¶ 6.

61.   Plaintiff Patricia Eason is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 7.

62.   Plaintiff Gregory Everhart is, and at the time of the filing of this action was, a citizen of Kentucky.  *See id.* ¶ 8.

63.   Plaintiff David Flowers is, and at the time of the filing of this action was, a citizen of Ohio.  *See id.* ¶ 9.

64.   Plaintiff Eddie Fluker is, and at the time of the filing of this action was, a citizen of Alabama.  *See id.* ¶ 10.

65.   Plaintiff Jimmy Ford is, and at the time of the filing of this action was, a citizen of Louisiana.  *See id.* ¶ 11.

66.   Plaintiff Pete Galicinao is, and at the time of the filing of this action was, a citizen of Hawaii.  *See id.* ¶ 12.

67.     Plaintiff Patricia Galvez is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 13.

68.     Plaintiff Joselito Garcia is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 14.

69.     Plaintiff Bennie Gholston is, and at the time of the filing of this action was, a citizen of Alabama.  *See id.* ¶ 15.

70.     Plaintiff Michael Gillner is, and at the time of the filing of this action was, a citizen of South Carolina.  *See id.* ¶ 16.

71.     Plaintiff Curtis Grondwalski is, and at the time of the filing of this action was, a citizen of Virginia.  *See id.* ¶ 17.

72.     Plaintiff Gary Guill is, and at the time of the filing of this action was, a citizen of Oregon.  *See id.* ¶ 18.

73.     Plaintiff Vincent Gutierrez is, and at the time of the filing of this action was, a citizen of New Mexico.  *See id.* ¶ 19.

74.     Plaintiff David Guzzetta is, and at the time of the filing of this action was, a citizen of Wisconsin.  *See id.* ¶ 20.

75.     Plaintiff Aniya Hadnot is, and at the time of the filing of this action was, a citizen of Louisiana.  *See id.* ¶ 21.

76.     Plaintiff Renate Hartman-Hurd is, and at the time of the filing of this action was, a citizen of Florida.  *See id.* ¶ 22.

77.     Plaintiff Donnie Helton is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 23.

78.     Plaintiff Wilhelm Hendorfer is, and at the time of the filing of this action was, a citizen of Virginia.  *See id.* ¶ 24.

79.     Plaintiff Shirley Jean Hicks is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 25.

80.     Plaintiff Flora Hopkins is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 26.

81.     Plaintiffs Diana Noffsinger—acting as Co-Executor of the Estate of F. Louise Hopper, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at her time of death.  *See id.* ¶ 27; 28 U.S.C. § 1332(c)(2).

82.     Plaintiff Donald Hopper—acting as Co-Executor of the Estate of F. Louise Hopper, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at her time of death.  *See Gilmor*e Am. Compl. ¶ 27; 28 U.S.C. § 1332(c)(2).

83.     Plaintiff Donald Houk is, and at the time of the filing of this action was, a citizen of Ohio.  *See Gilmore* Am. Compl. ¶ 28.

84.     Plaintiff Johnnie Ingram is, and at the time of the filing of this action was, a citizen of Alabama.  *See id.* ¶ 29.

85.     Plaintiff Iris Jarrett is, and at the time of the filing of this action was, a citizen of Virginia.  *See id.* ¶ 30.

86.     Plaintiff Hortensia Jennings is, and at the time of the filing of this action was, a citizen of Mississippi.  *See id.* ¶ 31.

87.     Plaintiff James Jensen is, and at the time of the filing of this action was, a citizen of Oregon.  *See id.* ¶ 32.

88.     Plaintiff Darreld Jesson is, and at the time of the filing of this action was, a citizen of Alabama.  *See id.* ¶ 33.

89.     Plaintiff Donald Johnson is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 34.

90.     Plaintiff Linda Johnson is, and at the time of the filing of this action was, a citizen of Tennessee.  *See id.* ¶ 35.

91.     Plaintiff Octavia Johnson is, and at the time of the filing of this action was, a citizen of Louisiana.  *See id.* ¶ 36.

92.     Plaintiff Royce Jonas is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 37.

93.     Plaintiff Kimberly Keaton is, and at the time of the filing of this action was, a citizen of New Jersey.  *See id.* ¶ 38.

94.     Plaintiff Sonya Ketchum is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 39.

95.     Plaintiff Sherri Krauch is, and at the time of the filing of this action was, a citizen of Virginia.  *See id.* ¶ 40.

96.     Plaintiff Thomas Ledet is, and at the time of the filing of this action was, a citizen of Louisiana.  *See id.* ¶ 41.

97.     Plaintiff Lynn Longino is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 42.

98.     Plaintiff James Love is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 43.

99.     Plaintiff Amanda Lucio—acting as Administratrix of the Estate of Valencio Lucio, deceased—is, and at the time of the filing of this action was, a citizen of Mississippi, where the decedent was a citizen at his time of death.  *See id.* ¶ 44; 28 U.S.C. § 1332(c)(2).

100.     Plaintiff Audrey Lymburner is, and at the time of the filing of this action was, a citizen of Michigan.  *See Gilmore* Am. Compl. ¶ 45.

101.     Plaintiff Betty Mangum is, and at the time of the filing of this action was, a citizen of North Carolina.  *See id.* ¶ 46.

102.     Plaintiff Steve Maldonado is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 47.

103.     Plaintiff Edward Marsh is, and at the time of the filing of this action was, a citizen of Colorado.  *See id.* ¶ 48.

104.     Plaintiff Don Martin is, and at the time of the filing of this action was, a citizen of Maryland.  *See id.* ¶ 49.

105.     Plaintiff Frank Mason is, and at the time of the filing of this action was, a citizen of Washington.  *See id.* ¶ 50.

106.     Plaintiff Raymond May is, and at the time of the filing of this action was, a citizen of Kansas.  *See id.* ¶ 51.

107.     Plaintiff William McCarley is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 52.

108.     Plaintiff Felipa Mercado is, and at the time of the filing of this action was, a citizen of Arizona.  *See id.* ¶ 53.

109.     Plaintiff Jerry Dale Meredith is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 54.

110.    Plaintiff Cecil Meyer is, and at the time of the filing of this action was, a citizen of Montana.  *See id.* ¶ 55.

111.    Plaintiff William Middleton is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 56.

112.    Plaintiff Michael Miller is, and at the time of the filing of this action was, a citizen of Missouri.  *See id.* ¶ 57.

113.    Plaintiff James Morgan is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 58.

114.    Plaintiff Darrell Morman is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 59.

115.    Plaintiff Edward M. Morris—acting as Personal Representative of the Estate of Nora Theresa Morris, deceased—is, and at the time of the filing of this action was, a citizen of Oklahoma, where the decedent was a citizen at her time of death.  *See id.* ¶ 60; 28 U.S.C. § 1332(c)(2).

116.    Plaintiff Wayne J. Moseley is, and at the time of the filing of this action was, a citizen of Florida.  *See Gilmore* Am. Compl. ¶ 61.

117.    Plaintiff Lori Moser is, and at the time of the filing of this action was, a citizen of Michigan.  *See id.* ¶ 62.

118.    Plaintiff Eleanor Mott is, and at the time of the filing of this action was, a citizen of Michigan.  *See id.* ¶ 63.

119.    Plaintiff Roger M. Nelson is, and at the time of the filing of this action was, a citizen of South Carolina.  *See id.* ¶ 64.

120.   Plaintiff Merna L. Niermann—acting as Executor of the Estate of Henry Niermann, deceased—is, and at the time of the filing of this action was, a citizen of Florida, where the decedent was a citizen at his time of death.  *See id.* ¶ 65; 28 U.S.C. § 1332(c)(2).

121.   Plaintiff Solomon Noriega is, and at the time of the filing of this action was, a citizen of Texas.  *See* Gilmore Amended Compl. ¶ 66.

122.   Plaintiff Nora Opal is, and at the time of the filing of this action was, a citizen of Iowa.  *See id.* ¶ 67.

123.   Plaintiff Fannie Parker is, and at the time of the filing of this action was, a citizen of Pennsylvania.  *See id.* ¶ 68.

124.   Plaintiff Michael Paul is, and at the time of the filing of this action was, a citizen of Georgia.  *See id.* ¶ 69.

125.   Plaintiff Shanil Perera is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 70.

126.   Plaintiff Juan Perez is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 71.

127.   Plaintiff Richard Perlman is, and at the time of the filing of this action was, a citizen of Arizona.  *See id.* ¶ 72.

128.   Plaintiff Juanita Quick is, and at the time of the filing of this action was, a citizen of Georgia.  *See id.* ¶ 73.

129.   Plaintiff Janice L. Ragland is, and at the time of the filing of this action was, a citizen of Tennessee.  *See id.* ¶ 74.

130.   Plaintiff William Ramsdale is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 75.

131.     Plaintiff Robert Rea is, and at the time of the filing of this action was, a citizen of Texas. *See id.* ¶ 76.

132.     Plaintiff Gordon Redmond is, and at the time of the filing of this action was, a citizen of Virginia. *See id.* ¶ 77.

133.     Plaintiff Leo Reyes is, and at the time of the filing of this action was, a citizen of California. *See id.* ¶ 78.

134.     Plaintiff Ellas Richardson is, and at the time of the filing of this action was, a citizen of Alabama. *See id.* ¶ 79.

135.     Plaintiff John S. Rodrigues, III is, and at the time of the filing of this action was, a citizen of Hawaii. *See id.* ¶ 80.

136.     Plaintiff Charles Rogers is, and at the time of the filing of this action was, a citizen of North Carolina. *See id.* ¶ 81.

137.     Plaintiff Rachel L. Rogers is, and at the time of the filing of this action was, a citizen of Pennsylvania. *See id.* ¶ 82.

138.     Plaintiff MacKenzie Rone is, and at the time of the filing of this action was, a citizen of Arkansas. *See id.* ¶ 83.

139.     Plaintiff John Scaglione is, and at the time of the filing of this action was, a citizen of Nevada. *See id.* ¶ 84.

140.     Plaintiff Helen Sennete is, and at the time of the filing of this action was, a citizen of Louisiana. *See id.* ¶ 85.

141.     Plaintiff Larry Shepard is, and at the time of the filing of this action was, a citizen of Missouri. *See id.* ¶ 86.

142.    Plaintiff Thomas Shubbuck is, and at the time of the filing of this action was, a citizen of Nevada.  *See id.* ¶ 87.

143.    Plaintiff Keith Simmons is, and at the time of the filing of this action was, a citizen of South Carolina.  *See id.* ¶ 88.

144.    Plaintiff Otis Smith is, and at the time of the filing of this action was, a citizen of Iowa.  *See id.* ¶ 89.

145.    Plaintiff Richard Spallone is, and at the time of the filing of this action was, a citizen of New York.  *See id.* ¶ 90.

146.    Plaintiff Betty Stansberry is, and at the time of the filing of this action was, a citizen of Missouri.  *See id.* ¶ 91.

147.    Plaintiff Charles Stapleton is, and at the time of the filing of this action was, a citizen of Ohio.  *See id.* ¶ 92.

148.    Plaintiff Mary Stover is, and at the time of the filing of this action was, a citizen of New Jersey.  *See id.* ¶ 93.

149.    Plaintiff Phillip Taylor is, and at the time of the filing of this action was, a citizen of Kentucky.  *See id.* ¶ 94.

150.    Plaintiff Lorlisia Heard—acting as Personal Representative of the Estate of J.C. Tolson, Jr., deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at his time of death.  *See id.* ¶ 95; 28 U.S.C. § 1332(c)(2).

151.    Plaintiff Ronald Villery is, and at the time of the filing of this action was, a citizen of Missouri.  *See Gilmore* Am. Compl. ¶ 96.

152.    Plaintiff Cecilia Waldor is, and at the time of the filing of this action was, a citizen of Pennsylvania.  *See id.* ¶ 97.

153.   Plaintiff Count Walker is, and at the time of the filing of this action was, a citizen of New York.  *See id.* ¶ 98.

154.   Plaintiff Dan Wells is, and at the time of the filing of this action was, a citizen of Michigan.  *See id.* ¶ 99.

155.   Plaintiff Joyce Zorn is, and at the time of the filing of this action was, a citizen of Alabama.  *See id.* ¶ 100.

156.   Plaintiff Don Juan Brown is, and at the time of the filing of this action was, a citizen of Illinois.  *See Brown* Am. Compl. ¶ 2.

157.   Plaintiff Brenda K. Born is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 3.

158.   Plaintiff Wayne J. Moseley is, and at the time of the filing of this action was, a citizen of Florida.  *See id.* ¶ 4.

159.   Plaintiff Jean N. Snyder is, and at the time of the filing of this action was, a citizen of Pennsylvania.  *See id.* ¶ 5.

160.   Plaintiff Glendon L. Warner, III—acting as Personal Representative of the Estate of Glendon L. Warner, Sr., deceased—is, and at the time of the filing of this action was, a citizen of South Carolina, where the decedent was a citizen at his time of death.  *See id.* ¶ 6; 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

161.   Plaintiff Frederick Bancroft is, and at the time of the filing of this action was, a citizen of Michigan.  *See* Bancroft Amended Compl. ¶ 2.

162.   Plaintiff Lee Bagley is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 3.

163.    Plaintiff Brenda Bailey is, and at the time of the filing of this action was, a citizen of Alabama.  *See id.* ¶ 4.

164.    Plaintiff Rita Bailey is, and at the time of the filing of this action was, a citizen of Indiana.  *See id.* ¶ 5.

165.    Plaintiff Cynthia Baldwin is, and at the time of the filing of this action was, a citizen of Alabama.  *See id.* ¶ 6.

166.    Plaintiff Mark Bensen is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 7.

167.    Plaintiff Loretta Blomquist is, and at the time of the filing of this action was, a citizen of Arizona.  *See id.* ¶ 8.

168.    Plaintiff Asa Boaz is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 9.

169.    Plaintiff Wilmer Bonner is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 10.

170.    Plaintiff Ronald E. Boozer is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 11.

171.    Plaintiff Herman Bowers is, and at the time of the filing of this action was, a citizen of South Carolina.  *See id.* ¶ 12.

172.    Plaintiff Linda Runderson—acting as Administratrix of the Estate of Mary Ruth Brooks, deceased—is, and at the time of the filing of this action was, a citizen of Alabama, where the decedent was a citizen.  *See id.* ¶ 13; 28 U.S.C. § 1332(c)(2).

173.    Plaintiff Mary Broughton is, and at the time of the filing of this action was, a citizen of Virginia.  *See Bancroft* Am. Compl. ¶ 14.

174.     Plaintiff Betty Brown is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 15.

175.     Plaintiff Hans Burkardt is, and at the time of the filing of this action was, a citizen of Arizona.  *See id.* ¶ 16.

176.     Plaintiff Louise Cable—acting as Special Administrator of the Estate of Charles Cable, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at his time of death.  *See id.* ¶ 17; 28 U.S.C. § 1332(c)(2).

177.     Plaintiff Marilyn Caithness is, and at the time of the filing of this action was, a citizen of Florida.  *See Bancroft* Am. Compl. ¶ 18.

178.     Plaintiff Anthony Canneti is, and at the time of the filing of this action was, a citizen of Maryland.  *See id.* ¶ 19.

179.     Plaintiff Eddie Chidester is, and at the time of the filing of this action was, a citizen of Arkansas.  *See id.* ¶ 20.

180.     Plaintiff Vera Diane Colburn is, and at the time of the filing of this action was, a citizen of Mississippi.  *See id.* ¶ 21.

181.     Plaintiff Robert Coleman is, and at the time of the filing of this action was, a citizen of North Carolina.  *See id.* ¶ 22.

182.     Plaintiff James Conn is, and at the time of the filing of this action was, a citizen of Arizona.  *See id.* ¶ 23.

183.     Plaintiff Lowell Coose is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 24.

184.    Plaintiff Mary Corbitt—acting as Special Administrator of the Estate of Terry Corbitt, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at his time of death.  *See id.* ¶ 25; 28 U.S.C. § 1332(c)(2).

185.    Plaintiff Edward Albert Cotton—acting as Personal Representative of the Estate of Lee Ray Cotton, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at his time of death.  *See Bancroft* Am. Compl. ¶ 26; 28 U.S.C. § 1332(c)(2).

186.    Plaintiff David Cox is, and at the time of the filing of this action was, a citizen of Ohio.  *See* Bancroft Amended Compl. ¶ 27.

187.    Plaintiff Marcelo Crisostomo is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 28.

188.    Plaintiff David Crow is, and at the time of the filing of this action was, a citizen of Idaho.  *See id.* ¶ 29.

189.    Plaintiff Luewornes Davis is, and at the time of the filing of this action was, a citizen of California.  *See id.* ¶ 30.

190.    Plaintiff Constance DeAngelo—acting as the Administrator of the Estate of Michael DeAngelo, deceased—is, and at the time of the filing of this action was, a citizen of New Jersey, where the decedent was a citizen at his time of death.  *See id.* ¶ 31; 28 U.S.C. § 1332(c)(2).

191.    Plaintiff Lilburn Doiron—acting as Special Administrator of the Estate of Shirley Doiron, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at his time of death.  *See Bancroft* Am. Compl. ¶ 32; 28 U.S.C. § 1332(c)(2).

192.     Plaintiff George Douglas is, and at the time of the filing of this action was, a citizen of Texas.  *See Bancroft* Am. Compl. ¶ 33.

193.     Plaintiff Sandra Druien is, and at the time of the filing of this action was, a citizen of Illinois.  *See id*. ¶ 34.

194.     Plaintiff Kathryn Stevens—a Statutory Beneficiary and Successor in Interest of Alice Faris, deceased—is, and at the time of the filing of this action was, a citizen of California, which also was the decedent's state of citizenship.  *See id.* ¶ 35; 28 U.S.C. § 1332(c)(2).

195.     Plaintiff Cynthia Fields is, and at the time of the filing of this action was, a citizen of Illinois.  *See Bancroft* Am. Compl. ¶ 36.

196.     Plaintiff Cynthia Foreman—Administratrix of the Estate of Jack C. Foreman, Jr., deceased—is, and at the time of the filing of this action was, a citizen of Florida, the decedent's state of citizenship.  *See id*. ¶ 37; 28 U.S.C. § 1332(c)(2).

197.     Plaintiff Peter Fuentes is, and at the time of the filing of this action was, a citizen of Texas.  *See Bancroft* Am. Compl. ¶ 38.

198.     Plaintiff Janice M. Hoben—as Personal Representative of the Estate of Bernard J. Hoben, deceased—is, and at the time of the filing of this action was, a citizen of Florida, the decedent's state of citizenship.  *See id*. ¶ 39; 28 U.S.C. § 1332(c)(2).

199.     Plaintiff Joseph Hyatt is, and at the time of the filing of this action was, a citizen of Illinois.  *See Bancroft* Am. Compl. ¶ 40.

200.     Plaintiff Mettis Granger is acting as Special Administrator of the Estate of Ora Jones, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, the decedent's state of citizenship.  *See id*. ¶ 41; 28 U.S.C. § 1332(c)(2).

201.     Plaintiff Sheila D. Morton is, and at the time of the filing of this action was, a citizen of Pennsylvania.  *See Bancroft* Am. Compl. ¶ 42.

202.     Plaintiff Theodore Roberts is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 43.

203.     Plaintiff Rosa Lombardozzi—acting as Special Administrator of the Estate of Guiseppa Vitale, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at her time of death.  *See id.* ¶ 44; 28 U.S.C. § 1332(c)(2).

204.     Plaintiff Rondell Washington—is acting as Special Administrator of the Estate of Kirk Washington, deceased—is, and at the time of the filing of this action was, a citizen of Illinois, where the decedent was a citizen at his time of death.  *See Bancroft* Am. Compl. ¶ 45; 28 U.S.C. § 1332(c)(2).

205.     Plaintiff Joanne Williams is, and at the time of the filing of this action was, a citizen of New York.  *See Bancroft* Am. Compl. ¶ 46.

206.     Plaintiff Francis G. Lecker is, and at the time of the filing of this action was, a citizen of Pennsylvania.  *See Lecker* Compl. ¶ 2.

207.     Plaintiff Kenneth Miller Jr.—acting individually and on behalf of the Estate of Kenneth Miller, Sr., deceased, and on behalf of all wrongful death beneficiaries of Kenneth Miller, Sr., deceased—is, and at the time of the filing of this action was, a citizen of Iowa, where the decedent was a citizen.  *See id.* ¶ 3; 28 U.S.C. § 1332(c)(2).

208.     Plaintiff John M. Mullen is, and at the time of the filing of this action was, a citizen of Illinois.  *See Lecker* Compl. ¶ 4.

209.    Plaintiff Barbara Rezentes—acting as Personal Representative of the Estate of Frank Cabral Rezentes, Sr., deceased—is, and at the time of the filing of this action was, a citizen of Hawaii, where the decedent was a citizen.  *See id.* ¶ 5; 28 U.S.C. § 1332(c)(2).

210.    Plaintiff Julia M. Sheper is, and at the time of the filing of this action was, a citizen of South Carolina.  *See Lecker* Compl. ¶ 6.

211.    Plaintiff Lawrence C. Scott is, and at the time of the filing of this action was, a citizen of Texas.  *See id.* ¶ 7.

212.    Plaintiff Allen K. Shiroma—acting as Personal Representative of the Estate of Kathleen Joanne Shiroma, deceased—is, and at the time of the filing of this action was, a citizen of Hawaii, where the decedent was a citizen.  *See id.* ¶ 8; 28 U.S.C. § 1332(c)(2).

213.    Plaintiff Leona B. Sinegar is, and at the time of the filing of this action was, a citizen of Texas.  *See Lecker* Compl. ¶ 9.

214.    Plaintiff Dorothy Sneed is, and at the time of the filing of this action was, a citizen of Tennessee. *See id.* ¶ 10.

215.    Plaintiff Mary Glen Spencer is, and at the time of the filing of this action was, a citizen of Mississippi.  *See id.* ¶ 11.

216.    Plaintiff William E. Stidham is, and at the time of the filing of this action was, a citizen of Alabama.  *See id.* ¶ 12.

217.    Plaintiff Janice Sturgis is, and at the time of the filing of this action was, a citizen of New Jersey.  *See id.* ¶ 13.

218.    Plaintiff Michael Summerfield is, and at the time of the filing of this action was, a citizen of Michigan.  *See id.* ¶ 14.

219.    Plaintiff Lawrence Taylor—acting as Personal Representative of the Estate of Carol Jacqueline Taylor, deceased—is, and at the time of the filing of this action was, a citizen of Florida, where the decedent was a citizen.  *See id.* ¶ 15; 28 U.S.C. § 1332(c)(2).

220.    Plaintiff Melvin G. Tinkel is, and at the time of the filing of this action was, a citizen of Alabama.  *See Lecker* Compl. ¶ 16.

221.    Plaintiff Lawrence Tokosch is, and at the time of the filing of this action was, a citizen of Maryland.  *See id.* ¶ 17.

222.    Plaintiff Roosevelt Walker, Jr. is, and at the time of the filing of this action was, a citizen of Mississippi.  *See id.* ¶ 18.

223.    Plaintiff Verda Lynn Woodrell is, and at the time of the filing of this action was, a citizen of Oklahoma.  *See id.* ¶ 19.

224.    Plaintiff Ronald E. Anderson is, and at the time of the filing of this action was, a citizen of Wisconsin.  *See Anderson* Compl. ¶ 2.

225.    Plaintiff Mildred Gillner is, and at the time of the filing of this action was, a citizen of Illinois.  *See id.* ¶ 3.

226.    Plaintiff Joseph Miller is, and at the time of the filing of this action was, a citizen of Pennsylvania.  *See id.* ¶ 4.

\* \* \* \* \*

WHEREFORE, defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. respectfully remove this action from the Circuit Court of St. Clair County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  Given the novelty of the mass action issues addressed herein, if any question arises regarding the

propriety of the removal of this action, defendants respectfully request the opportunity to present

a brief and oral argument in support of the position that this case is removable.

November 25, 2009                          Respectfully submitted,

                                          _s/ Terry Lueckenhoff_____
                                          Terry Lueckenhoff
                                          Fox Galvin, LLC
                                          One South Memorial Drive
                                          12th Floor
                                          St. Louis, MO  63102
                                          Telephone:  (314) 588-7000
                                          Facsimile:  (314) 588-1965

                                          _s/ Eugene A. Schoon (w/ consent)___
                                          Eugene A. Schoon
                                          Sidley Austin LLP
                                          One South Dearborn
                                          Chicago, IL  60603
                                          Telephone:  (312) 853-7000
                                          Facsimile:  (312) 853-7036

                                          *Attorneys for Bayer Corporation,*
                                          *Bayer HealthCare LLC, and Bayer HealthCare*
                                          *Pharmaceuticals Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and sent via U.S. Mail, postage prepaid, to:


Robert L. Salim
1901 Texas Street
Natchitoches, LA 71457
Telephone: (318) 352-5999
Facsimile: (318) 352-5998

*Attorneys for Plaintiffs*


                              *s/ Terry Lueckenhoff*